IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GARY PETREE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 04-06134-CV-W-DW |
| v. | ) |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Gary Petree appeals the denial of his application for disability insurance benefits. See 42 U.S.C. §§ 401 et seq. He asserts a disability caused by depression, borderline intelligence, degenerative disc disease, and back and hip pain. After a hearing, an ALJ found that Petree was not under a "disability" as defined in the Social Security Act. The ALJ's decision is the final decision of the Commissioner. Because the record sufficiently supports the ALJ's findings, the decision is affirmed.

This Court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). Substantial evidence is less than a preponderance, but enough that a reasonable mind finds adequate to support the ALJ's determination. See id. at 805. The Court considers "evidence that supports the ALJ's decision as well as evidence that detracts from it, but even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).

The facts and arguments are presented in the parties' briefs and are repeated here only in part. At step four of the Commissioner's analysis, the ALJ found that Petree's RFC would allow him to return to his past relevant work as a mail clerk or duplicating machine operator. In challenging that finding, Petree first argues that the ALJ did not consider the functional demands of his past relevant work as required by Groeper v. Sullivan, 932 F.2d 1234, 1238-39 (8th Cir. 1991). To the contrary, the record is clear that the ALJ did consider such functional demands. At the hearing, the vocational expert guided the ALJ in examining Petree about past work. The vocational expert testified as to the exertional and skill requirements of those positions, then applied the ALJ's RFC finding to those requirements. Substantial evidence on the record as a whole supports the ALJ's evaluation of Petree's past relevant work. See Walters v. Apfel, 998 F. Supp. 1078, 1083 (E.D. Mo. 1998) (testimony of vocational expert satisfied Groeper requirements).

Next, Petree asserts generally that the ALJ did not use the correct legal standard to assess his RFC. It appears, however, that the ALJ properly considered and discussed all of the record evidence—including medical records and Petree's own testimony—in making the RFC finding. See Krogmeier v. Barnhart, 294 F.3d 1019, 1024 (8th Cir. 2002). Nor did the ALJ err in discounting low GAF scores given by a treating physician. The ALJ explicitly discounted the scores because they are inconsistent with the rest of the record evidence, including treatment notes from the same treating physician. See id. at 1023 ("[W]hen a treating physician's opinions are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight.").

After careful examination of the record—including the briefs, the ALJ's decision, the transcript of the hearing, and additional medical and documentary evidence—this Court

2

concludes that the ALJ's decision is supported by substantial evidence on the record as a whole.

Therefore, the Commissioner's decision denying Petree's application for benefits is AFFIRMED.

SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date: June 30, 2006